FILED

03/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0131

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0131

PRESBYTERIAN CHURCH (U.S.A.), A
CORPORATION, and PRESBYTERIAN
CHURCH (U.S.A.),

Petitioners,

v.

MONTANA TWENTIETH JUDICIAL DISTRICT
COURT, HON. KAREN TOWNSEND, Presiding,

Respondent.

FILED

MAR 3 0 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Presbyterian Church (U.S.A.), A Corporation, and Presbyterian Church (U.S.A.), seek a writ of supervisory control directing the Twentieth Judicial District Court, Lake County, to reverse its February 18, 2021 Order Denying Defendants' Motion to Dismiss in its Cause No. DV-20-109. Petitioners' motion to dismiss had asserted that the court did not have personal jurisdiction over these entities.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v.*

*Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, Petitioners assert that the issue presented is purely one of law and that the District Court's ruling is causing a gross injustice. However, Rule 14(3) also requires that urgency or emergency factors exist that make the normal appeal process inadequate. Petitioners do not assert urgency or emergency, nor do they allege that appeal is an inadequate remedy. Rather, they assert that "judicial economy" supports issuance of the writ and that delaying review until appeal "offers no benefit."

As set forth above, supervisory control is an extraordinary remedy and its issuance requires urgency or emergency factors that make the normal appeal process inadequate; an assertion that delay "offers no benefit" does not meet this requirement. This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). In this instance, Petitioners have not demonstrated that their remedy on appeal would be inadequate.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Twentieth Judicial District Court, Lake County, Cause No. DV-20-109, and the Honorable Karen Townsend, presiding Judge.

DATED this 30 day of March, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices